## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TRAVIS WALKER,
    Plaintiff,

    v.

WALT DISNEY,[1]
    Defendant.

Case No. 1:23-cv-574

Hopkins, J.
Litkovitz, M.J

**REPORT AND
RECOMMENDATION**

This matter is before the Court on defendant's motion to dismiss for lack of personal jurisdiction (Doc. 5), plaintiff's response (Doc. 7), defendant's reply (Doc. 8), and plaintiff's supplemental memorandum (Doc. 9).[2] Having been fully briefed, this matter is ripe for disposition.

**I. Background**

Plaintiff Travis Walker, acting pro se, filed a complaint against defendant "Walt Disney" in the Court of Common Pleas for Hamilton County, Ohio, based on an incident that took place on August 1, 2023, while he and his family were on vacation at defendant's themed park in Orlando, Florida. (Doc. 2). He alleges that his minor daughter was acting erratically and suffered a "mental breakdown" while at defendant's Magic World Kingdom. He claims that the interactions with defendant's security guards responding to the situation "hurt, embarrassed and

---

[1] Defendant points out that plaintiff has incorrectly identified it in his complaint as "Walt Disney," rather than Walt Disney Parks and Resorts, U.S., Inc. (Doc. 5 at PAGEID 42).

[2] Plaintiff has styled this filing as an "answer to defense motion to dismiss." The Court notes that this memorandum was filed in violation of S.D. Ohio Civil Rule 7.2(a)(2) because plaintiff neither sought leave of Court nor showed good cause for the filing of it. Given plaintiff's pro se status, the Court will allow it.

upset" him.  (*Id.* at PAGEID 21).  It appears that he is stating something akin to a state law claim for infliction of emotional distress.  He seeks $10 million in damages.

Defendant filed a notice of removal pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy having exceeded the required amount under that statute.  (Doc. 1).  Defendant thereafter filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2).  (Doc. 5).  That matter is now ripe for disposition.  For the reasons set forth below, the Court finds that defendant's motion is well taken.

## II.  Analysis

As noted, plaintiff filed this case based on his allegations that his minor daughter suffered a "mental breakdown" while on vacation at defendant's themed park in Florida.  Plaintiff claims that in response to this situation, defendant's security guards' actions "hurt, embarrassed and upset" him.  (Doc. 2 at PAGEID 21).

Defendant asserts that this Court cannot exercise personal jurisdiction over it for several reasons.  Defendant notes that none the operative facts in this case occurred in Ohio.  (Doc. 5 at PAGEID 44).  It then sets forth facts evidencing that it is not an Ohio resident.  (Doc. 5-1 at PAGEID 44).  According to the declaration of defendant's assistant chief counsel, Scott A. Justice, defendant is in the business of ownership, operation and management of themed entertainment parks, resorts and other related facilities located in Florida and California.  (Justice Dec., Doc. 5-2 at PAGEID 50).  Defendant is not registered to do business in Ohio; has never had offices or places of business in Ohio; and does not pay taxes or own real estate, bank accounts or other assets in Ohio.  (*Id.*).  Defendant's principal place of business is in Florida, and

it is organized under the laws of Florida. (*Id.* at PAGEID 51). Defendant does not have an appointed agent for service of process in Ohio. (*Id.*).

Defendant argues that it is inconsistent with the due process clause of the Fourteenth Amendment to be subjected to this Court's jurisdiction. It maintains it does not have "substantial" connections with Ohio, making jurisdiction over it unreasonable. Defendant also notes that sister courts have held under similar facts alleged against defendant that the action must be brought in Florida. *See, e.g., Mattie v. Walt Disney World Co.*, No. 00-cv-71140-DT, 2000 WL 977243 (E.D. Mich. June 6, 2000) (finding that no minimum contacts existed in Michigan for a tort taking place at amusement park in Florida).

In his response, plaintiff does not dispute defendant's statements regarding its citizenship or that the operative facts took place in Florida.[3] He does not address or present any arguments to counter defendant's assertions or the declaration of Mr. Justice whatsoever. Rather, plaintiff states that he filed in Ohio because his minor daughter lives in Cincinnati, Ohio, and that although he works and has an apartment in Detroit, Michigan, he also still has an apartment in Cincinnati. (Doc. 7). He then sets out further details regarding the alleged treatment by defendant's security guards toward him and his daughter while she was having a "mental breakdown," but he does not argue how these actions form the basis for this Court's jurisdiction over defendant. (*Id.*).

Defendant argues in its reply brief that plaintiff misses the mark in relying on his own contacts to establish jurisdiction over defendant in Ohio. (Doc. 8 at PAGEID 56). Defendant

---

[3] Defendant notes in its reply that plaintiff's response was a week late and that plaintiff did not seek leave of Court for an extension of time or otherwise state good cause for its tardiness. (Doc. 8 at PAGEID 55). Consequently, defendant argues that the Court can treat its motion as unopposed and grant it. Plaintiff's one-week delay in responding does not warrant dismissing his case and did not adversely impact the litigation. Thus, the Court declines to dismiss this action for this reason.

points out that plaintiff's complaint and his response ignore defendant's lack of contacts with Ohio.  Rather, it argues correctly that personal jurisdiction is decided by defendant's contacts with Ohio, not plaintiff's contacts.

Plaintiff filed a supplemental memorandum; however, he does not include any additional factual allegations regarding defendant's contacts with Ohio or why it is otherwise subject to jurisdiction here.  Rather, he requests that defendant's motion be denied because defendant's reasons are not "good."  (Doc. 9).

The ultimate issue to be resolved is whether defendant, a nonresident, may be hauled into court in Ohio for alleged tortious conduct that occurred in Florida.  Plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over defendant as a nonresident; plaintiff must make this demonstration by a preponderance of the evidence.  *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Kroger Co. v. Malease Foods Corp.,* 437 F.3d 506, 510 & n. 3 (6th Cir. 2006); *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991)).  However, because defendant has moved to dismiss the case under Rule 12(b)(b) prior to discovery or an evidentiary hearing, plaintiff's burden is "relatively slight" when establishing personal jurisdiction based on written submissions and affidavits.  *Id.*  Plaintiff need only make a "prima facie" showing that the court has personal jurisdiction.  *Id.*  This burden can be met by "establishing with reasonable particularity sufficient contacts between defendant and the forum state to support jurisdiction."  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citing *Provident Nat'l Bank v. California Fed. Savings Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987)).  The Court will consider the pleadings in the light most favorable to plaintiff and will not weigh the disputed facts, although it may consider defendant's undisputed factual assertions and supporting declarations.  *Conn*, 667 F.3d at 711 (citing *Kerry Steel, Inc. v.*

*Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)). However, "in the face of a properly supported motion for dismissal, [] plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the [C]ourt has jurisdiction." *Theunissen,* 935 F.2d at 1458 (citing *Weller v. Cromwell Oil Co.,* 504 F.2d 927, 930 (6th Cir. 1974)).

Where, as here, a federal court's jurisdiction is premised on diversity of citizenship, the plaintiff must satisfy state law requirements for personal jurisdiction. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (citing *Est. of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008)). Under Ohio law, personal jurisdiction over a non-resident defendant exists only if: (1) Ohio's long-arm statute confers jurisdiction, and (2) the requirements of the federal due process clause of the Fourteenth Amendment are met. *Conn*, 667 F.3d at 712 (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 930 N.E.2d 784, 790 (Ohio 2010); *Goldstein v. Christiansen*, 638 N.E.2d 541, 543 (Ohio 1994)).

Ohio's long-arm statute grants the Court personal jurisdiction over a nonresident if its conduct falls within one of the nine bases for jurisdiction listed under the statute. *See* Ohio Rev. Code § 2307.382. The federal due process clause requires that defendant have sufficient "minimum contact[s]" with the forum state such that a finding of personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Conn,* 667 F.3d at 712 (citing *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

Two types of personal jurisdiction exist under the due process clause: general jurisdiction, when the suit does not arise from a nonresident defendant's contacts with the forum state; and specific jurisdiction, where the suit does arise from a nonresident defendant's contacts

with the forum state.  *Id.* at 712-13 (citing *Third Nat'l Bank,* 882 F.2d at 1089) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73, n.15 (1985)).  A nonresident defendant may be subject to the general jurisdiction of the forum state only where its contacts with that state are "continuous and systematic."  *Id.* at 713 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16, n.9 (1984)).  A finding of specific jurisdiction requires that three elements be satisfied:

> First, the defendant must purposefully avail [itself] of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (citing *Bird,* 289 F.3d at 874) (quoting *S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968))).

Plaintiff has not alleged any facts showing that he has met—or can meet— his burden to defeat defendant's motion however light his burden may be on a prima facie case.  Plaintiff's sparse facts in his complaint, his response, and his supplemental memorandum can be summed up as follows:  (1) although he has an apartment in Detroit and works there, he still maintains an apartment in Cincinnati; (2) his minor daughter lives in Cincinnati; and (3) he alleges conduct that may amount to some sort of state law action for emotional distress that took place in Florida. He does not allege any bases for jurisdiction over defendant, nor does he respond to defendant's factual assertions or the declaration of Mr. Justice as to why personal jurisdiction is lacking over defendant.  Plaintiff has not alleged any contacts that defendant has with this forum making it fundamentally fair to bring an action against it in Ohio.  Plaintiff also has not alleged or shown how his claimed injuries arose out of defendant's actions in Ohio.  Moreover, it cannot be

discerned from the record whether plaintiff's domicile is in Ohio or Michigan,[4] and any

allegations he makes regarding his daughter's domicile is of no avail; she is not party.[5]  Even if

she was a party, that fact would be not warrant the Court's exercise of personal jurisdiction over

defendant.  The Court looks to a nonresident defendant's activities to decide whether exercising

personal jurisdiction over it comports with due process notions.  *See, e.g., Conn,* 667 F.3d at 712-

13.

     Defendant asserts that it has not purposefully availed itself of this state's jurisdiction

through the long-arm statute.  It also asserts that it does not regularly conduct business in Ohio or

otherwise have substantial contacts here.  Defendant has filed the declaration of Mr. Justice in

---

[4] As noted, plaintiff's domicile and/or residency cannot be determined on the record.  Because the Court herein concludes that personal jurisdiction is otherwise lacking over defendant, the place of plaintiff's domicile is of no significance.  Although this is not determinative on the outcome of this case, the Court pauses to note the differences between a domicile and residence.  The court in *Patterson v. Serv. Plus Transp., Inc.,* No. 3:19-cv-395, 2021 WL 71162, at *2 (S.D. Ohio Jan. 8, 2021), aptly explained the parameters thereof as follows:

> "For purposes of diversity jurisdiction, citizenship means domicile:  the state where a party both physically resides and intends to remain." *Fritz Dairy Farm, LLC v. Chesapeake Exploration, LLC*, 567 F. App'x 396, 398 (6th Cir. 2014). "Domicile is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989) (internal quotation marks and citations omitted).  "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Id.*; *see also Fritz Dairy Farm*, 567 F. App'x at 398 (finding that, although the defendant "submitted an application to become a notary in Ohio, in which he stated that he was a 'legal resident' of the state and listed an Ohio address," the defendant was an Oklahoma citizen based on the evidence presented).  Thus, "[e]stablishment of a new domicile is determined by two factors:  residence in the new domicile, and the intention to remain there." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990); *see also Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 996-97 (S.D. Ohio 2008) ("To establish new domicile, an individual must both reside in the new domicile and intend to remain there," and "[b]oth of these factors must be met") (internal quotation marks and citation omitted).

[5] Regardless, plaintiff, acting pro se, could not represent the interests of his daughter.  Such would constitute the unauthorized practice of law.  *See Sykes v. United States*, 507 F. App'x 455, 460 (6th Cir. 2012) (citing *Williams v. Griffith,* No. 09AP–28, 2009 WL 2469523, at *4 (Ohio Ct. App. Aug. 13, 2009)).

support of these claims.  (Doc. 5-2 at PAGEID 50-51).  Each of defendant's allegations and factual statements have gone unanswered by plaintiff.

      Even construing the pleadings in plaintiff's favor, the Court cannot find that he has made out a prima facie case for the Court's exercise of personal jurisdiction over defendant.  Plaintiff has presented nothing in his pleadings or otherwise to dispute defendant's assertions and evidence that it has not purposefully availed itself of Ohio's jurisdiction; that the cause of action is a not result of defendant's activities here; or that defendant does not have substantial connections with Ohio that makes exercising jurisdiction over it reasonable.

      Additionally, defendant argues that other courts reviewing similar issues have found personal jurisdiction over it lacking.  For example, defendant cites to *Mattie*, 2000 WL 977243.  In that case the plaintiff, a resident of Michigan, was injured on a shuttle ride while at defendant's themed park in Florida.  The plaintiff thereafter sued Walt Disney World Company in Michigan.  Unlike plaintiff in the present case, the plaintiff in *Mattie* presented several factual arguments as to why jurisdiction over defendant in Michigan was within constitutional bounds.[6]  The court therein held that "no minimum contacts" had been demonstrated or proof shown that defendant, Walt Disney World Co., had "purposefully availed itself of the privilege of conducting activities within Michigan, thus invoking the benefits and protections of Michigan law."  *Id*. at *3 (citing *Burger King Corp.,* 471 U.S. at 475).  Consequently, the court granted Walt Disney World's motion to dismiss.  This Court finds the analysis in *Matti*, 2000 WL

---

[6] These claims included that Disney widely advertised to Michigan residents; that it sold Magic Kingdom Club Gold cards to Michigan residents using an "800" number and had promotional displays and advertising in Michigan; and that it operated a Disney Store in Michigan.  *Id.* at *1-2.

977243, persuasive and finds that it serves as further grounds that personal jurisdiction over

defendant in this forum is constitutionally lacking.

For the reasons as stated, the Court concludes that plaintiff has failed to meet his burden

of establishing that the Court has personal jurisdiction over defendant.  Thus, dismissal is

warranted.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant's motion to dismiss (Doc. 5) be **GRANTED**, and plaintiff's claims be **DISMISSED**

for lack of personal jurisdiction.

Date: 3/26/2024

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TRAVIS WALKER,                                              Case No. 1:23-cv-574
      Plaintiff,                                         Hopkins, J.
                                          Litkovitz, M.J

      v.

WALT DISNEY,
      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations.   This period may be extended further by the Court on timely

motion for an extension.  Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.  If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).